

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 16, 2018

**BY ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Arnstein*,
               17 Cr. 570 (ALC)

Dear Judge Carter:

      The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for October 19, 2018. As set forth in the Final Presentence Investigation Report dated April 6, 2018 ("PSR"), the applicable United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") range is 12 to 18 months' imprisonment. For the reasons explained below, the Government submits that a sentence within the Guidelines range would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

**A. Background**

      As set forth in the PSR, the defendant obtained a genuine judicial order from the United States District Court for the Southern District of New York, and then used this judicial order to create counterfeit orders, which he used to suppress negative information relating to his business. (PSR ¶ 7.)

      The defendant is the Chief Executive Officer and owner of a company located in Manhattan that principally sells sapphires and sapphire jewelry ("Company-1"). (PSR ¶ 8.) In July 2011, this company filed a complaint in the United States District Court for the Southern District of New York. (*Id.*) The company filed an amended complaint in October 2011 against two defendants, alleging defamation and seeking attorney's fees and damages. (*Id.*) The case was assigned to the Honorable Alison J. Nathan, United States District Judge. On October 26, 2012, the District Court entered a default judgment on behalf of Company-1, enjoining the parties from posting defamatory reviews about Company-1 and ordering the removal of 54 websites containing allegedly defamatory information about Company-1 (the "Authentic Default Judgment"). (*Id.* ¶ 9).

Hon. Andrew L. Carter, Jr.                                                                                    Page 2
October 16, 2018

Thereafter, between October 2014 and February 2017, the defendant used the Authentic Default Judgment to create over ten counterfeit judicial orders that resembled the Authentic Default Judgment with two important differences: (i) the counterfeit orders listed different websites that contained purportedly defamatory information; and (ii) the counterfeit orders had different dates. The defendant then sent these counterfeit orders to search engine companies in support of requests to have negative websites about Company-1 de-indexed from search engine results. (PSR ¶¶ 10-23.)

The defendant described his conduct as follows in a September 4, 2014 email: "I think you should take legal advice with a grain of salt. I spent l00k on lawyers to get a court order injunction to have things removed from Google and Youtube, only to photoshop the documents for future use when new things "popped up and Google legal never double checked my docs for validity... I could have saved l00k and 2 years of waiting/damage if I just used Photoshop and a few hours of creative editing…Lawyers are often worse than the criminals." (PSR ¶ 24.)

On March 15, 2017, the Government charged the defendant by Complaint with two counts of forging a judge's signature, in violation of Title 18, United States Code, Section 505, and one count of conspiring to forge a judge's signature, in violation of Title 18, United States Code, Section 371. (Dkt. 1.) On April 17, 2017, the defendant self-surrendered to law enforcement agents. That same day, the defendant appeared before the Honorable Debra C. Freeman, United States Magistrate Judge, and was released on his own recognizance. (Dkt. 4.) On September 15, 2017, the defendant waived his right to be indicted by a grand jury, and entered a guilty plea pursuant to a plea agreement to an information charging the defendant with one count of conspiracy to forge a judge's signature. (Dkt. 14.)

**B. Presentence Investigation Report and Recommended Sentence**

The United States Probation Office ("Probation") calculates the applicable sentencing range under the Guidelines as 12 to 18 months' imprisonment, based on an offense level of 13 and a criminal history category of I. (PSR 18.) Those calculations are consistent with the parties' stipulated Guidelines calculation in the plea agreement, with the exception that the defendant reserved the right to argue that U.S.S.G. § 2J1.2(b)(3) does not apply to the offense. (PSR ¶ 5.) Probation recommends a Guidelines sentence of twelve months and one day of imprisonment, a $25,000 fine, and two years' supervised release. (PSR at 18-19).

The defendant submitted a sentencing submission on October 11, 2018, in which he argued for a non-incarceratory sentence. As an initial matter, the defendant objects to Probation's decision to impose a two-level increase pursuant to U.S.S.G. § 2J1.2(b)(3)(C), claiming that his conduct only involved the alteration of one document and was accomplished using "an inexpensive piece of software that can be purchased and used by anyone." (Def. Sentencing Submission at 3.) More generally, the defendant claims that he undertook his criminal conduct to protect his business from "cyber terrorism" from a former IT subcontractor the defendant had hired. (*Id.* at 9.) The defendant also points to his service in the community, as well as his efforts to assist with other investigations, as reasons for a sentence below the Stipulated Guidelines Range.

Hon. Andrew L. Carter, Jr.                                                                                      Page 3
October 16, 2018

## C. Discussion

### 1. Applicable Law

As the Court is well aware, the Sentencing Guidelines still provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 128 S. Ct. 586, 594 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 596. After that calculation, however, the Court must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law. *Id.* at 50 & n.6.

### 2. A Guidelines Sentence Is Appropriate in This Case

The defendant orchestrated a serious, sustained fraud that undermined both respect for the authority and legitimacy of the judicial system, and the integrity of internet search results. Under these circumstances, the values of just punishment, general deterrence, and respect for the law counsel in favor of a Guidelines sentence. 18 U.S.C. § 3553(a)(1), (2).

First, the Government believes that a two-level enhancement under U.S.S.G. § 2J1.2(b)(3)(C) is appropriate in this case. Courts interpreting this provision of the Sentencing Guidelines have applied it to schemes of similar complexity and scope as the defendant's. For instance, in *United States v. Bakhtiari*, 714 F.3d 1057, 1062 (8th Cir. 2013), the Eighth Circuit affirmed the application of the enhancement where the defendant had taken multiple photographs of an attorney's family, created an anonymous email account, and then sent those photographs to the attorney through the anonymous account. In *United States v. Petruk*, 836 F.3d 974, 977 (8th Cir. 2016) the Eighth Circuit held that a scheme to have another individual falsely confess to the defendant's crime was "extensive [enough] in planning [and] preparation" to warrant the enhancement. In the instant case, the defendant had employees of his company modify the Authentic Default Judgment to add additional websites. These counterfeit orders were realistic enough to cause search engine companies to de-index websites based on them. When the search engine companies did not remove the negative information based on the counterfeit orders, the defendant would create a new counterfeit order and resubmit it. This level of planning and preparation is consistent with other cases in which the two-level enhancement under U.S.S.G. § 2J1.2(b)(3)(C) applied.

Second, the Government submits that a sentence within the Guidelines range is appropriate to promote respect for the law and provide for a just punishment. Trust in the authority and integrity of our courts is one of the most important contributing factors to rule of law in this country. Forgeries and counterfeits such as the orders in this case undermine that trust and erode the public's confidence in the rule of law. Even crediting the defendant's claim that he acted in response to online harassment from a former vendor, this is no justification for his

Hon. Andrew L. Carter, Jr.                                                    Page 4
October 16, 2018

conduct. If anything, the defendant's decision to ignore legal processes is even more blameworthy, given his own complaints about how others did the same to him.[1]

Third, a Guidelines sentence will appropriately deter both the defendant and, crucially, others who would commit the same or similar crimes. Fake judicial orders have become an easy shortcut to remove negative information from the internet. These schemes take many forms, but they share a common trait: subversion of the court system in order to remove lawful information from search engine results. Given the ease with which individuals can modify judicial orders, as well as the potential benefits of de-indexing websites from the internet, a Guidelines sentence is appropriate to send a message about the consequences of this type of crime.

**D. Conclusion**

For the reasons set for above, the Government respectfully requests that the Court impose a sentence within the applicable Guidelines range of 12 to 18 months' imprisonment.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____

Sheb Swett
Assistant United States Attorney
(212) 637-6522

cc:  Steven Brounstein, Esq.
     *Counsel to defendant* (by ECF)

---

[1] The defendant's reliance on *United States v. Lichterman*, 15 Cr. 302 (JGK) is inapposite. In that case, the defendant was suffering from an undiagnosed mental illness. Such mitigating factors are not present in this case. Moreover, the obstructionist scheme in that case never came close to succeeding, while the defendant in this case did manage to remove negative information from search engine results through the counterfeit orders.